TOBIAS, J.,
concurs in part and dissents in part.
hi respectfully concur in part and dissent in part for the reasons assigned by Judge Lobrano with one slight difference addressed below.
I find that in view of the 17 September 1929 compromise and 1 April 1930 judgment,[1] the Mayor must seek and listen to the advice of the Advisory Committee, but need not follow that committee’s advice. The 2003 (“Nagin”) by-law[2] that does not appear to have been blessed by statute or ordinance did nothing, in my view, to overrule or supersede specific ordinances, 12such as Sections 2-158, 2-159, and 70-41 of the New Orleans city ordinances. I thus do not find that the Mayor need follow the advice of the Advisory Committee.

. It is indeed puzzling why the then Mayor would have ever entered into the compromise that was blessed by the judgment in view of the trust instrument. I do not see any case or controversy that existed at the time that would have given rise to a bona fide cause of action. At the time of the establishment of the trust, Mr. Wisner was head and master of the community with full statutory authority to make a donation of community assets without consent of his spouse and establish the trust.

. I do not understand what a "by-law” is in the context of trust law. If it is a contract, I am not sure how such fits into the overall scheme of a trust for public purposes because the duty of a trustee is to the beneficiaries first and foremost. It is inappropriate for a trustee to contract away the trustee's powers in a way that infringes upon the trustee's duties.